509 So.2d 8 (1987)
Carlo J. BONURA, et al.
v.
UNITED BANKERS LIFE INSURANCE COMPANY, et al.
No. CW 86 1486.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Writ Denied September 25, 1987.
*9 Jeff C. Calmes, Baton Rouge, for plaintiffs Carlo J. Bonura and Ann M. Bonura.
Robert J. Vandaworker, Baton Rouge, for defendant Hill Country Life Ins. Co.
Charles W. Nelson, Jr., New Orleans, for Anthony G. Harris, Temporary Receiver of United Bankers Life Ins. Co.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
GROVER L. COVINGTON, Chief Judge.
We granted writs in this case to determine jurisdictional questions, apparently of first impression.
This case arose from a claim for benefits under a policy of health and accident coverage issued to plaintiffs, Carlo J. Bonura and Ann M. Bonura (the latter is now deceased). The policy was issued by United Bankers Life Insurance Company, a foreign insurer authorized to do business in Louisiana, on November 21, 1980.[1] On March 8, 1982, Mrs. Bonura was diagnosed as having infiltrating ductal carcinoma of the left breast. Although the record is unclear as to dates, the Bonuras thereafter filed periodic claims upon United Bankers for the costs of the treatment undergone by Mrs. Bonura. Coverage was denied on the basis that the cancer was a pre-existing condition. Sometime in October, 1982, United Bankers was placed in receivership in Texas. Thereafter, plaintiffs contend that the contractual liability of United Bankers was assumed by Hill Country Life Insurance Company, also a foreign insurer. Plaintiffs also filed claims for benefits with Hill Country, to no avail. This suit was filed on March 19, 1984.
Thereafter, plaintiffs added as defendants the temporary receiver in the Texas proceedings, Anthony G. Harris, and the Life, Accident, Health, and Hospital Service Insurance Guaranty Association[2], an entity created by the Texas Insurance Code which plaintiffs assert "steps into the shoes" of insurance companies in receivership and assumes their liabilities under issued policies. Hill Country was dismissed with prejudice on the motion of plaintiffs, who reserved their rights against the remaining defendants.
The Texas Life Accident and Hospital Service Insurance Guaranty Association ("IGA") filed peremptory and declinatory exceptions raising the objections of no cause of action and lack of personal and *10 subject matter jurisdiction, respectively. Harris excepted only as to subject matter jurisdiction. After a hearing on the exceptions, the trial judge denied them, stating: "Louisiana residents have the right to sue in Louisiana where an insurance policy was... issued in Texas but delivered in Louisiana, and where the premiums are paid in Louisiana by Louisiana residents." We granted defendants' application for writs of certiorari to consider whether this state has jurisdiction over a Texas statutory entity and a Texas receiver in a claim by Louisiana residents against a foreign insurer, where that insurer has been placed in receivership in Texas, but not in Louisiana.

Subject Matter Jurisdiction
Both IGA and Harris contend that this court lacks jurisdiction over this matter because of the provisions of the Uniform Insurers Liquidation Act as adopted in Louisiana, La.R.S. 22:757 et seq., specifically, § 760(B). They argue that this statute requires that when no receivership proceedings have been initiated in Louisiana, residents of Louisiana must assert their claims in the proceedings of the domiciliary state of the foreign insurerin this case, Texas.
Section 760, entitled "Claims against foreign insurers," provides as follows:
A. In a delinquency proceeding in a reciprocal state against an insurer domiciled in that state, claimants, against such insurer, who reside within this state may file claims either with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver. All such claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquency proceeding.
B. Controverted claims belonging to claimants residing in this state may either (1) be proved in the domiciliary state as provided by the law of that state, or (2) if ancillary proceedings have been commenced in this state, be proved in those proceedings. In the event that any such claimant elects to prove his claim in this state, he shall file his claim with the ancillary receiver in the manner provided by the law of this state for the proving of claims against insurers domiciled in this state, and he shall give notice in writing to the receiver in the domiciliary state, either by registered mail or by personal service at least forty days prior to the date set for hearing. The notice shall contain a concise statement of the amount of the claim, the facts on which the claim is based, and the priorities asserted, if any. If the domiciliary receiver, within thirty days after the giving of such notice, shall give notice in writing to the ancillary receiver and to the claimant, either by registered mail or by personal service, of his intention to contest such claim, he shall be entitled to appear or to be represented in any proceeding in this state involving the adjudication of the claim. The final allowance of the claim by the courts of this state shall be accepted as conclusive as to its amount, and shall also be accepted as conclusive as to its priority, if any, against special deposits or other security located within this state.
[Emphasis added.]
We find Section 760 to be inapplicable here. This section does not stand alone in our statutes, but is one of the seven sections of Title 22 which comprise the Uniform Insurers Liquidation Law. As stated in Section 763, this law "shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it." [Emphasis added.] Each section contains one or more times the phrase "reciprocal state," which is defined in Section 757(7) as "any state other than this state in which in substance and effect the provisions of this law are in force, including the provisions requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer." As shown by the Table of Jurisdictions immediately following Section 757 in which the Act has been adopted, Texas is not a reciprocal state. Therefore, the provisions of the Uniform Insurers Liquidation Law, and specifically Section 760, cannot be applicable in this instance. See Martin v. General American Casualty Company, 226 La. 481, 76 So.2d 537 (1954).
*11 However, two other sections of the Insurance Code do apply to this situation. La.R.S. 22:629[3] provides that no insurance contract delivered or issued for delivery in this state which covers Louisiana residents may contain any provision which deprives the courts of this state of jurisdiction of action against the insurer. The jurisprudence construing and applying this statute is both consistent and too voluminous to require citation. Together, the statute and cases announce the unequivocal policy of this state that no foreign insurer may enjoy the benefits of a source of business in this state without being prepared to answer any claims based on that business by a Louisiana resident in the Louisiana courts. This policy comports with due process requirements and the insurer suffers no undue hardship thereby. We find no sufficient reason to abrogate that policy here.
Moreover, La.R.S. 22:1021 and 1022[4] require that all foreign insurers deposit $20,000.00 in cash or U.S. bonds in a bank or savings and loan association within the state, for the purpose of payment of claims based upon policies on the life, person, or property of any Louisiana citizen. It necessarily follows that for these deposits to be utilized in the manner intended, our courts must have jurisdiction over the claims presented to determine claimants' entitlement to these funds.
For these reasons we hold that the trial judge was correct in finding subject matter jurisdiction in this matter.

In Personam Jurisdiction
Relator IGA also argues that the trial court erred in finding in personam jurisdiction over it since it is an unincorporated association created by Texas statute, deemed to be a citizen of Texas, which does no business in Louisiana, maintains no office here, and has not qualified to do business here. We must agree.
The only rationale under which in personam jurisdiction might have been asserted over IGA in this instance is that IGA was substituted for the insolvent insurer, United Bankers. However, the record does not establish such a substitution. Plaintiffs' own petition asserts that the contractual liability of United Bankers on issued policies was assumed by Hill Country, but this defendant was dismissed with prejudice on their motion. The Texas statutes governing the creation and function of the IGA make clear that this association may choose to "cause to be guaranteed, assumed, or reinsured, the covered policies of such insolvent insurer," rather than guaranteeing, *12 assuming, or reinsuring these policies itself. Article 21.28-D, Section 8(1). Apparently, Hill Country contracted to assume or reinsure United Bankers' policies. Under these circumstances, the Texas IGA has not acted in such a fashion as would permit the assertion of in personam jurisdiction over it by a Louisiana court.
No such exception has been filed by relator Harris; therefore, we will consider that Harris has waived any objection to the assertion of in personam jurisdiction in this instance. Moreover, article 741[5] of our Code of Civil Procedure is not applicable here because there were no receivership proceedings in this state when the defendants applied for these writs. Thus, under the factual circumstances in this case, the receiver appointed in the Texas proceedings is a proper defendant.
In view of our holding that there was no personal jurisdiction over applicant IGA, we pretermit any discussion of IGA's exception of no cause of action.

Conclusion
For the reasons discussed above, the trial judge's denial of relator IGA's exception to in personam jurisdiction is vacated, and that defendant is ordered dismissed from these proceedings. In all other respects, the application is denied and this matter is remanded for further proceedings consistent with the views expressed herein.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] For the purpose of this writ application, we will consider the allegations of plaintiff's petition as true and established.
[2] This association was referred to in plaintiffs' second amended and supplemental petition as the Life, Accident, Health, and Hospital Insurance Guaranty Association, but refers to itself as the Texas Insurance Guaranty Association or Texas Life Accident and Hospital Service Insurance Guaranty Association.
[3] La.R.S. 22:629 provides, in pertinent part, as follows:

A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state or any group health and accident policy insuring a resident of this state, regardless of where made or delivered shall contain any condition, stipulation, or agreement:
(1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country;
(2) Depriving the courts of this state of the jurisdiction of action against the insurer; or
(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this Code.
[4] La.R.S. 22:1021 and 1022 read as follows:

§ 1021. General deposit; foreign and alien insurers
All foreign or alien insurers doing business in this state shall, subject to the exceptions contained in R.S. 22:1023 and R.S. 22:1024, deposit with the commissioner of insurance a safekeeping or trust receipt from a bank doing business within the state or from a savings and loan association chartered to do business in this state indicating that twenty thousand dollars in money or in approved bonds of the United States, the state of Louisiana, or any political subdivision thereof, of the par value of not less than twenty thousand dollars has been made. Such approval shall be made by the commissioner of insurance.
§ 1022. Condition of deposit
The above deposit shall be conditioned only for, and dedicated exclusively to, the prompt payment of all claims arising and accruing to any person by virtue of any policy issued by any such insurer upon the life or person of any citizen of the state of Louisiana, or upon any property or other risk situated in this state. Under no circumstances shall such deposit be used for the payment of any fee whatsoever to any attorney, agent, or other person appointed for any services rendered in connection with any ancillary conservation, ancillary receivership, or any other supervisory proceeding or mode involving the company making such deposit.
[5] LSA-C.C.P. Article 741, entitled "Insurer in receivership," provides:

The receiver appointed by a court of this state for a domestic insurer is the proper defendant in an action to enforce an obligation of the insurer, or of its receiver.
Except as otherwise provided by law, the ancillary receiver appointed by a court of this state for a foreign or alien insurer is the proper defendant in an action to enforce an obligation of the insurer, or of its domiciliary or ancillary receiver.
[Emphasis added.]
This article arguably applies where a foreign insurer has already been placed in receivership in this state. This interpretation is supported by the heading of the article as well as its wording. Its sources, R.S. 22:736, 757, and 758, and the Official Revision Comments, also make reference to the Uniform Insurers Liquidation Law, which, as noted previously, deals with receivership and delinquency proceedings for foreign insurers domiciled in states which have also adopted the same provisions. Since neither factual posture is present in this case, i.e. no receivership and no reciprocal state for purpose of the Uniform Law, we conclude this article is not applicable. We will not here discuss receivership proceedings outside the scope of the Uniform Law, since the issue does not arise here.