546 So.2d 1317 (1989)
Charlotte KRUEGER, Plaintiff-Appellee,
v.
Billy TABOR, Defendant, and
James Odiorne, Appellant.
No. 88-328.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
*1318 Thomas & Dunahoe, Gerard Thomas, Robert Thomas, Natchitoches, for plaintiff-appellee.
Harrington & Harrington, Rodney Harrington, Natchitoches, Hailey, McNamara, Michael P. Mentz, Metairie, for defendant/appellant.
Campbell, Campbell & Johnson, Mark O. Foster, Minden, Henry H. Bernard, Baton Rouge, Cook, Yancey, King & Galloway, Brian Homza, Shreveport, Fish, Montgomery & Robinson, Roy Fish, Minden, for defendants-appellees.
Before GUIDRY, FORET and DOUCET, JJ.
DOUCET, Judge.
The above numbered and entitled appeal was consolidated with five other appeals entitled KRUEGER V. TABOR, 546 So.2d 1325 (La.App. 3rd Cir.1989); CURTIS V. TABOR, 546 So.2d 1324 (La.App. 3rd Cir. 1989): CURTIS V. INSURED LLOYD'S, 546 So.2d 1325 (La.App. 3rd Cir.1989); CURTIS V. TABOR, 546 So.2d 1324 (La. App. 3rd Cir.1989); and CURTIS V. INSURED LLOYD'S, 546 So.2d 1324 (La. App. 3rd Cir.1989). We decide all issues presented in all appeals in this opinion but render separate decrees in the companion appeals.
The accident giving rise to these appeals occurred on February 18, 1986. Charlotte L. Krueger, plaintiff-appellee, was driving a 1972 Chevrolet Caprice automobile occupied by her two minor daughters, Misty Lane Krueger and Tracy Lynn Krueger. The Krueger vehicle was traveling eastward on Louisiana Highway 6, approximately 150 feet south of the intersection of Petty Road in Sabine Parish, Louisiana. The Krueger vehicle stopped behind a line of automobiles which were stopped in the eastbound lane so as to permit the lead vehicle to make a left hand turn. Thereafter, a wrecker-type vehicle driven by defendant, Billy J. Tabor, was traveling in an easterly direction on Highway 6 and was unable to stop due to brake failure. As the Tabor vehicle tried to avoid hitting the Krueger vehicle by crossing the center line, the Tabor vehicle struck the Krueger vehicle and ultimately struck a truck driven by James H. Curtis, which was traveling in a westerly direction on Highway 6. Curtis, Krueger and Krueger's two minor children were allegedly injured in the accident.
Krueger instituted suit to recover for the personal injuries which she and her two minor children allegedly sustained as a result of the accident. Made defendants were Tabor and his insurer, Texas Fire and Casualty Company (Texas Fire). Before suit was filed, Texas Fire was placed into temporary receivership and James T. Odiorne, duly qualified liquidator for the Texas State Board of Insurance, was appointed permanent receiver of Texas Fire in the proceeding entitled "The State of Texas v. Texas Fire and Casualty Company, Dallas, Texas," No. 396, 246 of the Fifty-third Judicial District Court for Travis County, Texas. Odiorne was never made a defendant by Krueger.
Curtis instituted suit against Tabor for the personal injuries which he allegedly sustained as a result of the accident. Curtis instituted a separate suit against Insured Lloyd's of Dallas, Texas, (Insured Lloyd's) his uninsured/underinsured motorist carrier.
The aforementioned three suits were consolidated at trial.
Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), Krueger's insurer, intervened in the suits and named Odiorne and Tabor as defendants-in-intervention.
Insured Lloyd's, Curtis' insurer, also intervened in the suits and named Odiorne as a defendant-in-intervention.
*1319 Tabor filed a third party demand against Odiorne as receiver for Texas Fire, and also against his insurance agent, Phares and Lites. However, Tabor did not obtain service on Phares and Lites, and an exception of improper service was filed on behalf of Phares and Lites on February 23, 1987. Since the trial on the main demand was set for March 18, 1987, and proper service was still not obtained on Phares and Lites, the trial judge severed the third party demand filed by Tabor against Phares and Lites.
Tabor obtained proper service on Phares and Lites after the trial on the main demand was held. Phares and Lites timely answered Tabor's third party demand and in the same pleading, instituted a third party demand against Tri-State Underwriters, Inc. (Tri-State), seeking indemnification and/or contribution from Tri-State. Tri-State filed a "Motion for Rule" asking that the third party demand of Phares and Lites against it be dismissed. The trial court granted Tri-State's motion.
After a trial was held on the merits of the consolidated suits, the trial judge ruled that the negligence of Tabor was the sole, proximate cause of the accident and the resulting injuries and damages. The court entered judgment against Tabor and Odiorne and in favor of all the plaintiffs.
Damages were awarded as follows: $15,000.00 in favor of Charlotte L. Krueger for general damages; $5,634.95 in favor of Ronald C. Krueger for the medical expenses of Charlotte Kureger ($4,223.00) and her lost wages ($1,411.26); $500.00 and $300.00 in favor of Misty L. Krueger and Tracy L. Krueger, respectively, for general damages; $14,909.00 to Louisiana Farm Bureau Casualty Insurance Company, intervenor, and as the uninsured motorist insurer of Charlotte L. Krueger to be paid from the judgment rendered in favor of Charlotte L. and Ronald C. Krueger; $11,034.95 in favor of James H. Curtis for medical expenses ($2,957.51), lost wages ($3,077.44), and general damages $5,000.00); and $6,750.00 in favor of Insured Lloyd's, intervenor and as the uninsured motorist insurer of James H. Curtis.
It is from this judgment that Odiorne appeals. Phares and Lites appeals from the judgment of the lower court dismissing its third party demand against Tri-State.

ODIORNE APPEAL
On appeal, Odiorne specifies two assignments of error, the first being that the judgment in favor of plaintiffs-appellees (Krueger and Curtis) should be set aside as null and void. Odiorne supports this assertion by pointing to the fact that neither Krueger nor Curtis ever named Odiorne as a defendant in their respective petitions. Odiorne also directs our attention to the fact that neither plaintiff ever served Odiorne. We agree with Odiorne's assertion.
As previously stated, judgment was rendered in favor of Krueger and Curtis and against Odiorne. Odiorne was appointed the permanent receiver of Texas Fire and despite being a separate legal entity apart from Texas Fire, neither of the plaintiffs at any time amended their respective petitions to name Odiorne as a defendant. Additionally, neither plaintiff ever served Odiorne.
It is well established in our jurisprudence that a valid judgment cannot be rendered unless the court has jurisdiction over the party cast in judgment based on service of process. Succession of Griffith, 415 So.2d 670 (La.App. 4th Cir.1982). Additionally, a judgment rendered against a party who is not named as a defendant is absolutely void. Tracy v. Dufrene, 240 La. 232, 121 So.2d 843 (1960), on remand, 146 So.2d 678 (La.App. 4th Cir.1962); Kling v. Collins, 407 So.2d 478 (La.App. 1st Cir. 1981); Luneau v. Hanover Ins. Co., 478 So.2d 752 (La.App. 3rd Cir.1985). Because Odiorne was not served by either plaintiff and because he was not named as a defendant in plaintiffs' respective petitions, plaintiffs are not entitled to judgment against Odiorne. Thus, the judgment rendered by the trial court in favor of plaintiffs and against Odiorne, must be set aside and reversed.
We are aware of the fact that Odiorne was named a defendant-in-intervention by *1320 intervenors, State Farm and Insured Lloyd's, and that he was named a defendant by Tabor in Tabor's third party demand against him. Appellees urge that by virtue of these acts, Odiorne was brought in as a defendant with respect to the main demands. We reject appellee's assertion. In order for plaintiffs to have obtained a valid judgment, plaintiffs were required to name Odiorne as a defendant in the principal action. See Guilbeau v. Roger, 443 So.2d 773 (La.App. 3rd Cir.1983), writ denied, 446 So.2d 1224 (La.1984); Hobbs v. Fireman's Fund American Ins. Co., 339 So.2d 28 (La.App. 3rd Cir.1976), writs refused, 341 So.2d 896 (La.1977); Deblieux v. P.S. & Sons Painting, Inc., 405 So.2d 600 (La.App. 3rd Cir.1981). Because they failed to do so, the judgment rendered in favor of plaintiffs and against Odiorne is invalid.
In Odiorne's second assignment of error, he urges that "The trial court does not have jurisdiction over the subject matter of the plaintiffs' suit and the intervenors have failed to state a cause of action and/or do not have a right of action against James T. Odiorne, receiver of Texas Fire and Casualty Company."
Essentially, what Odiorne is arguing is that the judgment rendered by the trial court against him and in favor of the intervenors was improper since the court lacked subject matter jurisdiction over the action. Specifically, Odiorne asserts that a party must bring any action naming the receiver as a defendant in the Fifty-third Judicial District Court of Travis County, Texas, and that the Texas court has exclusive venue to hear and determine all actions or proceedings against Texas Fire exclusively because it is the court where the receivership proceedings have been instituted. In support of this proposition, Odiorne cites the restraining order issued by the court in Texas prohibiting the commencement or prosecution of any action against Texas Fire or its assets in any forum other than the court where the receivership proceeding had been ordered and article 21.28 of the Texas Insurance Code. We reject this assertion.
At the outset, it is important to note that the State of Texas has not adopted the Uniform Insurers Liquidation Act (La.R.S. 22:757-22:763). This act requires that when no receivership proceedings have been initiated in Louisiana, residents of Louisiana must assert their claims in the proceedings of the domiciliary state of the foreign insurer. Because Texas is not a reciprocal state, the provisions of the act cannot be applicable in this instance. See Martin v. General American Casualty Co., 226 La. 481, 76 So.2d 537 (1954).
However, La.R.S. 22:629 is applicable in the instant situation. La.R.S. 22:629[1] provides that no insurance contract delivered or issued for delivery in this state which covers Louisiana residents may contain any provision which deprives the courts of this state of jurisdiction of action against the insurer. This statute, as it relates to subject matter jurisdiction was discussed in the case of Bonura v. United Bankers Life Insurance Company, 509 So.2d 8 (La.App. 1st Cir.1987), writ denied, 512 So.2d 462 (La.1987).
*1321 In Bonura, supra, Anthony G. Harris had been appointed temporary receiver in Texas for Bankers Life Insurance Company and filed an exception in the Louisiana Court with respect to subject matter jurisdiction. The Texas Life Accident and Hospital Services Insurance Guaranty Association also filed peremptory and declinatory exceptions with respect to personal and subject matter jurisdiction. The First Circuit held:
La.R.S. 22:629 provides that no insurance contract delivered or issued for delivery in this state which covers Louisiana residents may contain any provision which deprives the courts of this state of jurisdiction of action against the insurer. The jurisprudence construing and applying this statute is both consistent and too voluminous to require citation. Together, the statute and cases announce the unequivocal policy of this state that no foreign insurer may enjoy the benefits of a source of business in this state without being prepared to answer any claims based on that business by a Louisiana resident in the Louisiana courts. This policy comports with due process requirements and the insurer suffers no undue hardship thereby. We find no sufficient reason to abrogate that policy here.
We find Bonura, supra, and La.R.S. 22:629, to be determinative of the resolution of this issue. For this reason, we hold that the trial judge did not err in finding subject matter jurisdiction in this matter. Accordingly, Odiorne's second assignment of error is without merit.

PHARES AND LITES APPEAL
As previously stated, original defendant, Tabor, filed a third party demand against his insurance agent, Phares and Lites, contending that Phares and Lites was negligent in failing to procure liability insurance through a solvent company. However, Tabor did not obtain service on Phares and Lites, and an exception of improper service was filed on behalf of Phares and Lites on February 23, 1987. Since the trial on the main demand was set for March 18, 1987, and proper service was still not obtained on Phares and Lites, the trial judge severed the third party demand filed by Tabor against Phares and Lites.
Tabor obtained proper service on Phares and Lites after the trial on the main demand was held. Phares and Lites timely answered Tabor's third party demand and in the same pleading, instituted a third party demand against Tri-State Underwriters, Inc. (Tri-State), seeking indemnification and/or contribution from Tri-State. Tri-State filed a "Motion for Rule" asking that the third party demand of Phares and Lites against it be dismissed. The trial court did not give written reasons for its judgment but simply stated that the third party demand of Phares and Lites was dismissed "for reasons set forth in mover's [Tri-State's] supporting brief, which is hereby adopted by the court as its written reasons."
On appeal, Phares and Lites urges that the "Judgment in favor of the third party defendant/appellee, Tri-State Underwriters, Inc., dismissing the third party demand of Phares and Lites, Inc. should be set aside as null and void since the third party demand was timely and properly filed along with the original answer." We agree.
Tri-State's brief which was adopted by the trial court contains only four arguments:
(1) "A third party demand can only be filed if it will not retard the progress of the principal action."
(2) "An incidental demand is a demand incidental to a principal demand, and consequently there can be no incidental demand when there is no longer any principal demand of which it is an incident."
(3) "To construe articles 1031 and 1033 as to permit the filing of a third party demand after a principal cause of action had been tried and adjudicated would deprive the third party defendant *1322 of property other than by due process of law, in violation of Article I, Section 2, of the Louisiana Constitution of 1974, in that the quantum of its obligation, if any, would have been established in a proceeding in which it had no opportunity to be heard."
(4) "The third party demand against appearer should be dismissed as having not been timely filed."
Tri-State makes the argument that the filing of the third party demand by Phares and Lites should not have been allowed since it would retard the progress of the original demand. We reject this argument.
The trial court severed the third party demand that Tabor filed against Phares and Lites and the original demand went to trial on March 18, 1987. Thus, it is clear that Phares and Lites' third party demand against Tri-State could not retard the progress of the original demand. If, for purposes of Tri-State's argument, Tabor's third party demand against Phares and Lites is considered the "original demand" since it was severed from the suit filed by original plaintiffs against original defendants, it is equally clear that Phares and Lites' third party demand against Tri-State would not have retarded the progress of the demand of Tabor against Phares and Lites since no trial has yet been held on the third party demand filed by Tabor against Phares and Lites and since the third party demand of Phares and Lites against Tri-State was filed along with the original answer filed by Phares and Lites, hence, no leave of court was necessary. La. C.C.P. art. 1033.
Tri-State's second argument is based on the fact that the claims of Krueger and Curtis have already gone to trial on the main demand. Tri-State argues "An incidental demand is a demand incidental to a principal demand and consequently there can be no incidental demand when there is no longer any principal demand of which it is an incident."
Tri-State cites no jurisprudence or authority for this argument. Tri-State's argument assumes that there is only one principal demand. This is incorrect. Clearly, the claims of Krueger v. Tabor and Curtis v. Tabor can be severed and tried separate and apart from the claims of Tabor v. Phares and Lites. La. C.C.P. art. 1038[2]; Herb's Machine Shop, Inc. v. John Mecom Co., 426 So.2d 762 (La.App. 3rd Cir.1983), writs denied, 430 So.2d 98 (La. 1983). Thus, we reject this argument.
In Tri-State's third argument, it contends that allowing the third party demand to proceed against it would deprive it of property other than by due process of law, in that the quantum of its obligation, if any, would have been established in a proceeding in which it had no opportunity to be heard. We reject this argument.
While the third party demand which involves responsibility between Tabor and Phares and Lites has been relegated to a separate proceeding, the quantum is not being fixed in a separate proceeding, it is in the same proceeding. La. C.C.P. art. 1038.
In Tri-State's fourth argument, it argues that the third party demand filed by Phares and Lites was not timely filed. An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. La. C.C.P. art. 1033. The third party demand of Phares and Lites against Tri-State was filed along with the original answer filed by Phares and Lites. Thus, the third party demand was timely filed. Tri-State's argument is without merit.
In light of the foregoing, we find that the trial court erred when it dismissed the *1323 third party claim of Phares and Lites against Tri-State.
For the foregoing reasons, the judgment of the trial court in the Phares and Lites matter is reversed insofar as it dismisses Phares and Lites' third party demand against Tri-State. The judgment of the trial court in the consolidated suits is amended insofar as it grants plaintiffs in the principal demand judgment against Odiorne and is now recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff CHARLOTTE LEGGETT KRUEGER and against the defendant BILLY J. TABOR for the sum of $15,000.00, together with legal interest thereon from the date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of RONALD C. KRUEGER and against the defendant, BILLY J. TABOR, for the sum of $5,634.95, together with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that RONALD C. KRUEGER, in the capacity as Administrator of the estates of his minor children, is awarded judgment for the benefit of the minor, Misty Lane Krueger, in the amount of $500.00, and for the benefit of the minor, Tracy Lynn Krueger, in the amount of $300.00, against the defendant, BILLY J. TABOR, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the intervention of Louisiana Farm Bureau Casualty Insurance Company be recognized as having a right to be paid from the judgment herein rendered in favor of CHARLOTTE L. KRUEGER and RONALD C. KRUEGER, individually, and as Administrator of the estate of his minor children, the sum of $14,909.00, together with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the judgment in favor of CHARLOTTE L. KRUEGER in the amount of $15,000.00 shall, to the extent that said judgment exceeds the sum of $10,000.00, be entitled to payment by preference and priority over the sum of $10,000.00 of the amount of the Judgment of Intervention on behalf of Louisiana Farm Bureau Casualty Insurance Company.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment in favor of RONALD L. KRUEGER in the sum of $5,634.95 to the extent that the said judgment exceeds the sum of $4,109.00 shall be entitled to and shall be paid by preference and priority over the Judgment of Intervention of Louisiana Farm Bureau Casualty Insurance Company.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, JAMES H. CURTIS, and against the defendant, BILLY J. TABOR, for the sum of $11,034.95, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the intervenor, INSURED LLOYD'S, and against the defendants, BILLY J. TABOR and JAMES T. ODIORNE in his capacity as receiver for the Texas Fire & Casualty Company, in solido, for the sum of $6,750.00, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment herein rendered in favor of JAMES H. CURTIS shall have preference over and shall be paid by privilege and priority over the judgment of intervenor, INSURED LLOYDS, except the said JAMES H. CURTIS shall have no claim for any payments which may be due or which may be paid under the property damage provisions of the policy of liability insurance issued by *1324 Texas Fire & Casualty Company to BILLY J. TABOR.
IT IS FINALLY ORDERED, ADJUDGED AND DECREED that all costs of the trial court be assessed two-thirds (2/3) to BILLY J. TABOR and one-third (1/3) to JAMES T. ODIORNE.
The costs of this appeal are assessed as follows: One-third (1/3) to TRI-STATE, one-third (1/3) to the KRUEGERS, and one-third (1/3) to CURTIS.
REVERSED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] La.R.S. 22:629 provides, in pertinent part, as follows:

"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state or any group health and accident policy insuring a resident of this state, regardless of where made or delivered shall contain any condition, stipulation, or agreement:
(1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country;
(2) Depriving the courts of this state of the jurisdiction of action against the insurer, or
(3) Limiting right of action against the insurer to a period of less than twelve months next after the inception of the loss when the claim arises under any insurance classified and defined in R.S. 22:6(10), (11), (12), and (13), or to a period of less than one year from the time when the cause of action accrues in connection with all other insurance unless otherwise specifically provided in this Code.
[2] La.C.C.P. art. 1038 provides:

The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.