STOKER, Judge.
The sole issue for review in this case is whether the trial court erred in entering judgment against the Louisiana Insurance Guaranty Association (LIGA) when the plaintiff did not name LIGA as a defendant in her suit for personal injury damages against an alleged tortfeasor and his insolvent insurer. Finding error, we reverse.
Shanta Wilson filed suit against Terry Roy, driver of the vehicle in which she was a guest passenger, and Champion Insurance Company, Mr. Roy’s insolvent insurer, seeking to enforce and convert into a final judgment a settlement entered into with Champion for $4,624 for damages sustained in an automobile collision. The record contains a “Response to Request for Admission of Fact” filed by Mr. Roy and Champion admitting that Champion offered to settle with Ms. Wilson for $4,624. The trial court rendered judgment in favor of Ms. Wilson and against LIGA for $4,624. The judgment states:
“This is a suit for personal injuries sustained by the plaintiff and to enforce a settlement. The matter came before the Court. Considering briefs submitted by opposing sides and for reasons assigned by the Court:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of petitioner, SHANTA WILSON, and against defendant, LOUISIANA INSURANCE GUARANTY ASSOCIATION (on behalf of Champion Insurance Company), in the full and true sum of $4,624.00 together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.”
A judgment rendered against a party who is not named as a defendant is absolutely void. Krueger v. Tabor, 546 So.2d 1317 (La.App.3d Cir.1989). In Krueger, this court reversed a judgment in favor of the plaintiffs against the receiver *1080 for an insolvent insurance company who had not been named as a defendant. We stated, “[b]ecause [the receiver] was not served by either plaintiff and because he was not named as a defendant in plaintiffs’ respective petitions, plaintiffs are not entitled to judgment against [the receiver]. Thus, the judgment rendered by the trial court in favor of plaintiffs and against [the receiver], must be set aside and reversed.” Krueger at page 1319.
Accordingly, the judgment of the trial court is reversed. Costs are assessed against plaintiff-appellee, Shanta Wilson.
REVERSED.