# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2018

Lyle W. Cayce
Clerk

No. 17-30557

AL COPELAND INVESTMENTS, L.L.C.; DIVERSIFIED FOODS &
SEASONINGS, L.L.C.,

>    Plaintiffs - Appellants

v.

FIRST SPECIALTY INSURANCE CORPORATION,

>    Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, SOUTHWICK, and COSTA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Al Copeland Investments, L.L.C. and its affiliated company, Diversified Foods & Seasonings, L.L.C., appeal dismissal based on *forum non conveniens*. The district court ruled that that parties' insurance policy contained an enforceable forum-selection clause requiring litigation in New York state court. We affirm.

I.

Al Copeland Investments, L.L.C. and its affiliated company, Diversified Foods & Seasonings, L.L.C., (collectively, "Al Copeland"), own and operate a food manufacturing facility in Louisiana. In October and December 2015, Al Copeland's facility suffered property damage. As a result, Al Copeland

No. 17-30557

submitted a reimbursement claim under an insurance policy it held with Appellee First Specialty Insurance Corporation, which First Specialty denied.

Al Copeland sued in the Eastern District of Louisiana to recover the damages and costs incurred as a result of the property damage, and First Specialty moved to dismiss arguing that the policy's forum-selection clause requires litigation in New York state court. The policy provides:

> Applicable Law; Court Jurisdiction
>
> The laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement.
>
> The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.

The district court granted First Specialty's motion, and Al Copeland appeals.

## II.

"When a district court decides a *forum non conveniens* motion based on a forum-selection clause, we review *de novo* the . . . 'assessment of that clause's enforceability,'" then 'review for abuse of discretion the court's balancing of private- and public-interest factors.'"[1]

## III.

We apply a "strong presumption" in favor of enforcing mandatory forum-selection clauses.[2] This presumption may be overcome by a clear showing that

---

[1] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016) (quoting *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016)).

[2] *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016). The parties dispute only whether the forum-selection clause is enforceable. In *Barnett*, we observed that neither the Supreme Court nor our court has stated what source of law governs the "validity" of forum-selection clauses. 831 F.3d at 301. Though noting that our court has not drawn a distinction between "validity and enforceability, instead seeming to treat those words as

2

a forum-selection clause is "unreasonable" under one of the following circumstances:

> (1) [T]he incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state.[3]

Al Copeland does not argue any of the first three prongs leaving the question of whether the clause's enforcement would "contravene a strong public policy" of Louisiana, namely its alleged policy against forum-selection clauses in insurance contracts. Al Copeland derives this policy from Louisiana Revised Statute § 22:868, which provides that "[n]o insurance contract delivered or issued . . . in [Louisiana] . . . shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of [Louisiana] of the jurisdiction of action against the insurer."[4]

We hold that Section 22:868 does not evince a public policy against forum-selection clauses in insurance contracts. "When adjudicating claims for which state law provides the rules of decision, we are bound to apply the law as interpreted by the state's highest court."[5] "If the state's highest court has not spoken on the particular issue, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide."[6]

---

synonyms in the forum-selection clause context," the *Barnett* panel deliberately chose not to resolve that question. *Id.* We, too, need not resolve that issue today.

[3] *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (internal quotation marks omitted).

[4] LA. R.S. § 22:868(A)(2).

[5] *Barfield v. Madison Cnty.*, 212 F.3d 269, 271–72 (5th Cir. 2000).

[6] *Id.* at 272 (internal quotation marks omitted).

## No. 17-30557

Thus, for this diversity jurisdiction case, we must apply Louisiana law and resolve issues of interpretation as the Louisiana Supreme Court would.

As always, the starting point in statutory interpretation is the "the language of the statute itself."[7] Section 22:868 prohibits provisions in an insurance contract that would deprive Louisiana courts of *jurisdiction*.[8] "A forum-selection clause is a provision in a contract that mandates a particular state, county, parish, or court as the proper *venue* in which the parties to an action must litigate any future disputes regarding their contractual relationship."[9] Section 22:868 says nothing about venue. As the district court recognized, venue and jurisdiction are "separate and distinct."[10] We, too, will not stretch the definition of jurisdiction to include venue—a feat with no legal footing.[11]

Al Copeland's arguments do not disturb this interpretation.[12] Al Copeland first argues that Section 22:868 "contains mandatory language throughout (i.e., 'shall') and states that insurance contracts which violate its provisions 'shall be void.'" Al Copeland also acknowledges that Louisiana

---

[7] *Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev.*, 56 So.3d 181, 187–88 (La. 2011) (citation omitted).

[8] LA. R.S. § 22:868.

[9] *See Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc.*, 148 So.3d 871, 873 (La. 2014) (internal quotation marks omitted) (holding that "forum-selection clauses are generally enforceable and are not *per se* violative of public policy in Louisiana").

[10] *See* LA. CODE CIV. PROC. ANN. art. 41 (defining venue as "the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject"); LA. CODE CIV. PROC. ANN. art. 1 ("Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.").

[11] *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972 ("The argument that [forum-selection] clauses are improper because they tend to 'oust' a court of jurisdiction is hardly more than a vestigial legal fiction.").

[12] We need not address Al Copeland's alternative policy arguments because we find that the plain language of Section 22:868 is clear and unambiguous. *See Red Stick*, 56 So.3d at 187–88 ("When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.") (citation omitted).

statutes found to evince a policy against forum-selection clauses in certain contracts use the terms "forum" and "venue," however, submits that the Louisiana legislature passed Section 22:868 in 1958.[13] Thus, according to Al Copeland, the Louisiana legislature "over the passage of time . . . simply refined its verbiage to use 'forum' or 'venue,' rather than 'jurisdiction'" and "refinement of the word 'jurisdiction' to the term 'forum' over a period of 30 years is merely an effort to be more precise, rather than an effort to distinguish or achieve a different result." We remain unpersuaded. The legislature's use of "mandatory language" is no answer to the stark question before us: whether Section 22:868 precludes forum-selection clauses in insurance contracts. Moreover, Al Copeland's "passage of time" argument would render the legislature's use of the word "jurisdiction" meaningless.[14]

Al Copeland next contends that the district court improperly relied on *Shelter Mutual Insurance Co. v. Rimkus Consulting Group, Inc.* Al Copeland asserts that *Shelter* "does not require a conclusion that [First Specialty's] forum-selection clause is allowed to stand" and that the statutes identified in *Shelter* as forbidding forum-selection clauses in certain contracts are "non-exhaustive examples." To be sure, *Shelter* does not mandate a conclusion on Section 22:868 because the *Shelter* court was not tasked with interpreting Section 22:868. Nonetheless, the district court properly relied on *Shelter* for its explanation that forum-selection clauses concern venue and its holding that forum-selection clauses are "generally enforceable and not *per se* violative of

---

[13] *See, e.g.*, LA. R.S. § 51:1407 (precluding forum-selection clauses in contracts subject to the Louisiana Unfair Trade Practices Act); LA. R.S. § 9:2779 (proscribing forum-selection clauses in a small subset of construction contracts); LA. R.S. § 23:921(A)(2) (banning forum-selection clauses in employment contracts).

[14] *Shelter*, 148 So.3d at 880 ("It is presumed that every word, sentence or provision in [a] statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used.") (citation omitted).

public policy in Louisiana." Al Copeland's second argument is also likely true but is of no consequence as the district court neither concluded nor relied on the idea that the statutes discussed in *Shelter* are the only Louisiana statutes to preclude forum-selection clauses.

Lastly, Al Copeland urges this Court to consider three Louisiana appellate court decisions. Those cases are inapposite and merit no discussion.[15]

In conclusion, we hold that Section 22:868 does not indicate that Louisiana has a strong public policy against forum-selection clauses in insurance contracts. We therefore find that the parties' forum-selection clause is enforceable.

## IV.

We next examine whether the public-interest factors weigh in favor of keeping this case in Louisiana. The existence of a mandatory, valid and enforceable forum-selection clause means that we afford no weight to plaintiff's choice of forum and consider only the following public-interest factors: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury

---

[15] *See Lawrence v. Cont'l Ins. Co.*, 199 So.2d 398, 399 (La. App. 3 Cir. 1967) (reversing lower court that dismissed case for lack of personal jurisdiction over an uninsured motorist and finding that policy's clause, which required the insured to join an uninsured motorist, a non-resident over whom Louisiana had no personal jurisdiction, violated § 22:629, the predecessor to § 22:868); *Bonura v. United Bankers Life Ins. Co.*, 509 So.2d 8, 10–11 (La. App. 1 Cir. 1987) (finding subject matter jurisdiction pursuant to § 22:629 "over a Texas statutory entity and a Texas receiver in a claim by Louisiana residents against a foreign insurer, where that insurer has been placed in receivership in Texas, but not in Louisiana"), *disapproved of by All Star Advert. Agency, Inc. v. Reliance Ins. Co.*, 898 So.2d 369 (La. 2005); *Krueger v. Tabor*, 546 So.2d 1317, 1320–21 (La. App. 3 Cir. 1989) (finding subject matter jurisdiction pursuant to § 22:629 and rejecting argument that a party bringing an action against a receiver must do so in the court where receivership proceedings have been instituted).

No. 17-30557

duty.[16] "Those factors justify refusal to enforce a forum-selection clause in 'truly exceptional cases.'"[17]

We find that the district court remained in the bounds of its discretion when ruling that the pubic-interest factors warrant dismissal. On appeal, Al Copeland advances three arguments; they are: First Specialty provided federal management statistics regarding court congestion in the Eastern District of Louisiana, and not in New York state court; this case has little connection to New York; and this dispute will be subject to "foreign law" if the forum-selection clause is enforced.

These arguments do little to make this case "truly exceptional" to halt enforcement of the forum-selection clause. Al Copeland's first argument misconstrues the burden; that is, Al Copeland, not First Specialty, must show why transferring this case to New York state court would cause "administrative difficulties flowing from court congestion."[18] Al Copeland's second and third arguments are one in the same. They are variations of Al Copeland's fear that a New York state court will not invalidate the policy's choice of law provision and apply New York law. That fear is "not the sort of exceptional circumstance that justifies disregarding the parties' agreement on public-interest grounds."[19]

V.

We affirm the district court's grant of First Specialty's motion to dismiss.

---

[16] *Barnett*, 831 F.3d at 309.

[17] *Id.* (quoting *Weber*, 811 F.3d at 776).

[18] *Weber*, 811 F.3d at 776.

[19] *Id.* (rejecting argument that Texas and United States have an interest in protecting their citizens from abuse by foreign corporations and upholding forum-selection clause requiring litigation in Germany); *see also Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 584 (2013) (rejecting the "rule that the law of the court in which the plaintiff *inappropriately* filed suit should follow the case to the forum contractually selected by the parties") (emphasis added).