# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2023

Lyle W. Cayce
Clerk

No. 22-30354

Hotel Management of New Orleans, L.L.C.,

*Plaintiff—Appellant*,

*versus*

General Star Indemnity Company; First Specialty Insurance Corporation; Homeland Insurance Company of New York,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-cv-00876

---

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

During the COVID-19 pandemic, state and local officials in Louisiana ordered non-essential businesses, such as Hotel Management's properties, to shut down temporarily. Hotel Management filed several claims with its

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

insurers, attempting to recover some of its lost income. They denied the hotelier's claims.

Hotel Management sued its insurance companies for breach of contract. The district court granted three motions to dismiss and closed the case. It found Hotel Management suffered no covered loss based on our precedent in *Q Clothier New Orleans, L.L.C. v. Twin City Fire Insurance Company*, 29 F.4th 252 (5th Cir. 2022) and dismissed one of the defendants under the doctrine of *forum non conveniens*. We AFFIRM.

I

Hotel Management owns several hotels in the French Quarter and downtown New Orleans. The hotelier created an insurance stack by contracting with three insurers to protect these businesses. General Star issued the primary policy, Homeland provided the first excess policy, and First Specialty issued the second excess policy. All three insurance contracts were in effect when the COVID-19 emergency began in the spring of 2020.

The policies covered all "direct physical loss[es]" to Hotel Management's commercial property, subject to various exclusions. In March 2020, Louisiana and New Orleans issued orders shutting down non-essential business activity, including the operation of hotels. Hotel Management submitted claims to its insurers for the business interruption the lockdowns inflicted on its properties. But the insurance companies denied the claims.

In response, Hotel Management filed suit in Louisiana state court, seeking a declaratory judgment that its insurance policies covered its losses and alleging breach of contract. The insurance companies removed the case to federal court based on diversity jurisdiction and moved for dismissal. The district court granted these motions, dismissing Hotel Management's claims against General Star and Homeland under Federal Rule of Civil Procedure

12(b)(6) with prejudice and dismissing Hotel Management's action against First Specialty for *forum non conveniens*. Hotel Management timely appealed.

II

We review a dismissal for failure to state a claim de novo. *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020). The plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We also evaluate the district court's interpretation of an insurance policy de novo. *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 238 (5th Cir. 2016). "Under Louisiana law, an insurance policy is a contract that must be construed using the general rules of contract interpretation set forth in the Civil Code." *Anco Insulations, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 787 F.3d 276, 281 (5th Cir. 2015) (footnote omitted). Dismissal is proper if an insurance contract precludes recovery. *Coleman E. Adler & Sons, L.L.C v. Axis Surplus Ins. Co.*, 49 F.4th 894, 897 (5th 2022).

When evaluating the district court's order granting a motion to dismiss for *forum non conveniens*, first "[w]e review de novo the district court's conclusions that the [forum selection clause] was mandatory and enforceable." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016). Second, we evaluate the trial court's application of *Atlantic Marine*'s balancing test when it dismisses a case under the *forum non conveniens* doctrine for abuse of discretion. *Id.*; *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62–66 (2013).

No. 22-30354

## III

On appeal, Hotel Management argues[1] that its insurers wrongly denied its claims because the language of its underlying General Star policy only requires a "loss" to trigger coverage and that the financial hit Hotel Management took from the COVID-19 lockdowns certainly is such a "loss." In the alternative, the hotelier argues that we should find the contracts ambiguous and adopt its reasonable interpretations of those policies. The district court found that the policies were not ambiguous and dismissed two of the insurers because Hotel Management had failed to plead a plausible claim for breach of the insurance contract. We agree with the district court's analysis.

"Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning." *Edwards v. Daugherty*, 883 So. 2d 932, 940–41 (La. 2004); *see also* LA. CIV. CODE art. 2045–47. "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties'

---

[1] In its brief, Hotel Management pointed to the Louisiana Fourth Circuit of Appeal's opinion in *Cajun Conti, L.L.C. v. Certain Underwriters at Lloyd's, London* for the proposition that the Louisiana state courts have reached a contrary conclusion regarding whether the financial losses caused by the pandemic qualify as a "direct physical loss." 21-0343, 2022 WL 2154863, *5 (La. App. 4 Cir. 6/15/22), *reh'g granted for clarification only*, *898 21-0343 (La. App. 4 Cir. 8/8/22), *rev'd*, 2022-C-1349 (La. 3/17/23). After filing its brief, the Louisiana Supreme Court reversed the Louisiana Fourth Circuit's opinion, finding that the closures caused by the COVID-19 pandemic did not constitute a direct physical loss. *See Cajun Conti, LLC v. Certain Underwriter at Lloyd's, London*, No. 22-C-1349 (La. 3/17/23). Consequently, Hotel Management's argument relying on the now-reversed Louisiana appellate court decision is no longer applicable.

No. 22-30354

intent." *Gorman v. City of Opelousas*, 148 So. 3d 888, 892 (La. 2014). Here, the Louisiana Supreme Court recently provided guidance on whether business closures caused by the COVID-19 pandemic could constitute a "direct physical loss." *See Cajun Conti, LLC v. Certain Underwriters at Lloyd's, London*, No. 22-C-1349 (La. 3/17/23). It determined that "COVID-19 did not cause direct physical loss of or damage to [covered] property." *Id.* at p. 5.

This accords with our *Erie*-guess[2] regarding whether COVID-19 and its associated lockdowns caused a "direct physical loss" to an insured in *Q Clothier*. 29 F.4th at 257. We concluded that only "tangible alterations of, injuries to, and deprivations of property" qualify as a "direct physical loss." *Id.* Because the COVID-19 closure orders and the virus particles in and of themselves did not cause a "tangible" loss, we held that the policy did not cover the loss of business income triggered by the pandemic. *Id.* at 259. We further extended this holding to clauses insuring companies against civil authority closures because such provisions "require[] a causal connection between loss or damage to property near [a plaintiff's business] and the civil authority orders prohibiting access to its stores." *Id.* at 261–62.

To avoid this holding, now confirmed by the Louisiana Supreme Court, Hotel Management argues that its insurance contracts are distinct from the one we interpreted in *Q Clothier*. Specifically, it claims that only a "loss" is required under its underlying insurance policy, not a "direct physical loss." So, according to Hotel Management, it should be able to

---

[2] Where a state supreme court has yet to interpret policy language, we make an "*Erie*-guess" regarding how that court would read it. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345–46 (5th Cir. 2008).

recover its loss of income during the COVID-19 pandemic under the terms of its policies, regardless of whether its loss is tangible or not.

However, to get to this reading of its contracts, Hotel Management improperly ignores the second half of its business interruption coverage provision in the General Star policy. That provision states:

> BUSINESS INTERRUPTION - This policy shall cover the direct physical loss resulting from necessary interruption of business conducted by the Insured including all interdependent loss of earnings between or among companies owned or operated by the Insured caused by loss, damage, or destruction *by any of the perils covered herein* during the term of this policy to real and personal property as covered herein.

(emphasis added). Similarly, the Civil Authority clause provides:

> This policy . . . insures against loss resulting from damage to or destruction by the perils insured against, to . . . the actual loss sustained for a period not to exceed four consecutive weeks when, as a result of *a peril insured against*, access to real or personal property is impaired or hindered by the order of civil or military authority . . . .

(emphasis added). "Peril[s] insured against" by the policy are "all risks of direct physical loss of or damage to property." (deemphasized).

When we put the Business Interruption and the Civil Authority provisions together with the definition for "peril[s] insured against," we find that for Hotel Management to receive payment for a claim based on these clauses, it needs to show that its "loss of earnings" or "actual loss" was "caused" by a "peril covered," to wit, a "direct physical loss." The Homeland Insurance policy only applies as broadly as the General Star underlying insurance policy. Because the General Star policy is not triggered, neither is the Homeland Insurance policy. Consequently, the interpretation of this language is not distinguishable from the provisions we interpreted in

*Q Clothier* and the Louisiana Supreme Court's opinion in *Cajun Conti*. *See* 29 F.4th at 257–58; *see also* 2022-C-1349, p. 1, 5 (La. 3/17/23).

The district court correctly applied *Q Clothier* and dismissed Hotel Management's claims against General Star and Homeland. As established above, the Business Interruption and Civil Authority coverages required Hotel Management to demonstrate a "tangible" loss. *Q Clothier*, 29 F.4th at 257. By failing to do so, they failed to state a claim on which relief could be granted. *Adler*, 49 F.4th at 898. Therefore, we AFFIRM the judgment granting the dismissal of Hotel Management's claims against General Star and Homeland.

IV

Hotel Management also challenges the district court's decision to grant First Specialty's motion to dismiss for *forum non conveniens*. The district court found that the First Specialty policy's forum selection clause—designating New York state courts as the required forum for litigation—was mandatory and enforceable. After applying the relevant *forum non conveniens* analysis, the district court dismissed the case without prejudice. Hotel Management argues on appeal that its policy has conflicting forum selection provisions and that the district court contravened Louisiana law by dismissing its claims. First Specialty's brief rebuts these arguments and argues that we should affirm the district court's dismissal.

A

We first review de novo whether the district court correctly determined that the forum selection provision in the First Specialty policy is enforceable and mandatory. "Our case law recognizes a sharp distinction between mandatory and permissive [forum selection clauses]." *Weber*, 811 F.3d at 768. Mandatory forum selection provisions affirmatively require that any litigation arising from the contract occur in a specified forum. *Id*. But

when the forum selection clause is permissive, the provision serves only as a waiver to any personal jurisdiction or venue objections. *Id.* A mandatory clause requires clear language specifying that litigation must take place in a certain forum. *Id.*

> The forum selection clause in First Specialty's policy provides:
>
> The laws of the state of New York . . . *shall* govern the construction, effect, and interpretation of this insurance agreement.
>
> The parties irrevocably submit to the *exclusive* jurisdiction of the Courts of the State of New York and . . . the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.

(emphasis added). Hotel Management does not dispute the mandatory nature of this provision on appeal. Instead, it argues that this clause contradicts other language in the policy, thereby challenging whether the forum selection clause is enforceable. The provision clearly lays out that the law and courts of the State of New York have exclusive jurisdiction over any litigation stemming from the First Specialty policy. Consequently, we agree with the district court that the policy's forum selection provision is mandatory and move on to determine if it is enforceable.

B

Next, "[w]e apply a strong presumption in favor of enforcing mandatory forum selection clauses." *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018) (quotation marks and citation omitted). However, Hotel Management may overcome our presumption when it shows the forum selection provision is "unreasonable" due to one or more of the following circumstances:

> (1) The incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the

No. 22-30354

party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state.

*Id.* at 543 (alteration adopted) (quotation marks and citation omitted).

Hotel Management couches its primary argument under (4). It contends that Louisiana has a strong public policy against mandatory forum selection clauses that remove its jurisdiction over policies that insure assets within the state. Hotel Management points to Louisiana Revised Statute § 22:868, which requires:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
>
> (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
>
> (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.
>
> . . .
>
> D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.

The district court addressed this argument in its order granting dismissal for *forum non conveniens*, finding that the statute does not apply to First

Specialty's policy because it is an excess insurance policy not subject to approval by the Louisiana Department of Insurance.

We agree with the district court. Louisiana Revised Statute § 22:446(A) exempts excess insurance policies from approval by the state. Hotel Management and First Specialty agree that their contract is a surplus policy not subject to approval by the Louisiana Department of Insurance. It follows that the First Specialty policy's forum selection clause falls into the exemption laid out in Louisiana Revised Statute § 22:868(D). So, Hotel Management has failed in its burden to show that Louisiana has a strong public policy against the forum selection clause present in its insurance contract.

Hotel Management presents another argument attacking the enforceability of the policy's mandatory forum selection provision. As we touched on briefly above, the hotelier argues that conflicting forum selection clauses create ambiguity in the policy. To Hotel Management, such ambiguity should be interpreted in the insured's favor. So, says the insured here, we should recognize the ambiguity and not enforce the New York forum selection clause.

> Paragraph 60 of the First Specialty policy requires:
>
> JURISDICTION AND SUIT - It is . . . agreed that in the event of the failure of [First Specialty] to pay an amount claimed . . . [First Specialty] will submit to the jurisdiction of any court of competent jurisdiction within the United States . . . . All Matters arising hereunder shall be determined in accordance with the law . . . of such court . . . .

At first blush, Hotel Management seems to have a point. The New York forum selection provision certainly contradicts the language of paragraph 60. However, when we look at the context in which the New York forum selection clause resides, we see that it controls and overrules that paragraph.

Immediately above the forum selection clause, the policy informs the parties:

SPECIAL TERMS AND CONDITIONS ENDORSEMENT

THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.

The policy endorsements then modify various provisions in the insurance contract, including adding the New York forum selection provision. From a plain reading of the title and associated emphasized warning, we find that the New York forum selection provision modified and replaced paragraph 60. Accordingly, Hotel Management has failed to show that the New York forum selection clause is unenforceable due to ambiguity.

C

Finally, having determined that the forum selection provision is mandatory and enforceable, we examine whether the district court abused its discretion in dismissing Hotel Management's claims against First Specialty under the doctrine of *forum non conveniens*. The district court correctly applied the balancing test laid out in *Atlantic Marine*. It subsequently determined that Hotel Management did not present an exceptional case requiring the court to deny the motion to dismiss for *forum non conveniens*. On appeal, Hotel Management reiterates that Louisiana public policy strongly favors using Louisiana courts to adjudicate insurance disputes over property located in the state and argues that this matter has no ties to New York.

In the absence of a mandatory and enforceable forum selection provision, we typically check to ensure the district court did not abuse its discretion when it balanced the convenience of the parties with public interest considerations. *Atl. Marine*, 571 U.S. at 62. But here, we have determined there is a mandatory and enforceable forum selection clause. So,

No. 22-30354

we only investigate if the district court abused its discretion in analyzing the public interest factors in *Atlantic Marine*. *Id*. at 64. Those factors include:

> administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 309 (5th Cir. 2016) (quotation omitted). These factors "justify a refusal to enforce a forum selection clause only in truly exceptional cases." *Id*. (quotation marks and citation omitted).

The district court did not abuse its discretion in applying the public interest factors. There are no identified administrative difficulties from hearing this case in New York. The parties are sophisticated business entities advised by counsel based in different states, making New York a logical choice of forum that does not implicate localized interests. The contract is governed by New York law, meaning the interest in having the trial of a diversity case in a forum at home with the law that must govern the action is best served by dismissing this case in favor of New York state court. Indeed, only the final factor—avoiding burdening citizens from an unrelated forum with jury duty—counsels in favor of dismissal.

The Supreme Court has directed trial courts to retain cases involving a mandatory forum selection clause only in extraordinary circumstances. Hotel Management has failed to show that the *Atlantic Marine* public-interest factors weigh in favor of finding this matter truly exceptional. Consequently, the district court acted well within its discretion when it granted the motion to dismiss for *forum non conveniens*.

12

No. 22-30354

## V

The district court's judgment is AFFIRMED, and all pending motions are DISMISSED as moot.